IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELGIN FAMILY COMPANY, L.L.C., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PARALOGIA ULTRA LOUNGE, L.L.C., | ) Case No. CIV-09-1228-HE<br>)<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION WITH
BRIEF IN SUPPORT (AND REQUEST FOR HEARING)**

Elgin Family Company, L.L.C. ("EFC") moves, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction enjoining Paralogia Ultra Lounge, L.L.C. ("Paralogia") from creating a noise nuisance that interferes with EFC's use and enjoyment of its property and from violating Oklahoma City noise ordinances.

**INTRODUCTION**

Paralogia is purportedly a "wine and martini lounge" located at The Centennial on the Canal, a mixed use facility located in Bricktown with restaurants, bars, and retail shops on the first floor and residential properties on the second, third, and fourth floors. EFC owns one of the residential properties.

While Paralogia claims to have "Fine Dining with a Touch of Nightlife Sophistication" and to be the only "upscale lounge in Bricktown," the reality is quite different. Paralogia's latest "crazy" party – last week's "Moulin Rouge" blowout event – gave free admission to anyone who came dressed in "sexy underwear" (and Paralogia said revelers would be "greatly ashamed" if they wore regular clothing). Paralogia billed this party as a "Night of Mayhem" that would be "talked about for years." Clearly, as

demonstrated by the promotional poster below, this most recent party was neither upscale nor sophisticated.



This is par for the course. Paralogia regularly tells its patrons to "get their asses out" so that they can take "body shots" off club models Paige and Tisha (instructing customers to "come make these girls wet") and drink free "jello shots" and "trash can punch," while getting the opportunity to meet folks like the "Dallas Desire" - "Hott Girls in Lingerie that Play Football." On most weekday nights, Paralogia offers astoundingly loud guest DJs who promise – and deliver -- "heart pounding breakbeats."

There is nothing inherently illegal in these activities. However, the excessive noise Paralogia generates – very intentionally – is <u>not</u> legal. The evidence at trial will show that Paralogia regularly and routinely violates applicable Oklahoma City noise ordinances. Like seemingly countless preceding nights, music and other noises

emanating from Paralogia during the "Moulin Rouge" mayhem caused vibrations that could be felt and heard into the wee hours of the morning in EFC's property. Pictures trembled on the walls, windows shook in their frames, and the glasses in the kitchen cabinet vibrated with the thumping beat from the music below.

The filing of this lawsuit has not stemmed the tide of noise. Nothing but a Court order will stop Paralogia from wantonly and continually interfering with EFC's quiet enjoyment of its property. Until an injunction is entered, EFC will continue to suffer irreparable harm and will continue to be unable to rightfully enjoy its property.

## ARGUMENTS AND AUTHORITIES

**I.      THE COURT SHOULD ISSUE A PRELIMINARY INJUNCTION.**

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of injunctions. The prevailing preliminary injunction standard includes an analysis of the following four factors:

> (A)   the movant will suffer irreparable injury unless the injunction issues;
>
> (B)   the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party;
>
> (C)   the injunction would not be adverse to the public interest; and
>
> (D)   the movant has a substantial likelihood of success on the merits.

*Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *see also Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2003); *Country Kids 'N City Slickers, Inc. v. Sheen*, 77 F.3d 1280 (10th Cir. 1996).

A. **EFC Will Suffer Irreparable Harm Unless the Injunction is Issued.**

EFC's comfort, repose, enjoyment and use of its property are being continually infringed by the noise nuisance created by Paralogia. The thudding music from Paralogia shakes the windows of Condominium 209 and causes pictures to vibrate on the wall and glasses to vibrate in the kitchen cabinets. Sleeping is nearly impossible while the music plays and Condominium 209 shakes along to the beat. Paralogia's schedule of nightly events makes it certain that there will be no relief from the ever-intruding noise.

A plaintiff fulfills the irreparable harm requirement for a preliminary injunction by demonstrating "a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1210 (10th Cir. 2009). Irreparable harm also may be found to exist where it is impossible to precisely calculate the amount of damage plaintiff will suffer. *Southwest Stainless, LP v. Sappington,* 582 F.3d 1176, 1191 (10th Cir. 2009).

The amount of damages that have been and are being incurred by EFC cannot be calculated with any degree of certainty. Without injunctive relief, EFC has no way to protect the quiet enjoyment of its property and is unlikely to be able to sell Condominium 209. If Paralogia is allowed to continue to operate in its present manner, EFC will continue to suffer the irreparable harm of not being able to sell Condominium 209. In the meantime, EFC cannot enjoy Condominium 209 without being disturbed and distressed. Money will not adequately compensate for these injuries.

B. **The Threatened Injury Outweighs any Damage That Will be Caused to Paralogia if the Injunction is Issued.**

Paralogia has no legal right to operate its "wine bar and martini lounge" in violation of applicable law and with utter disregard for the rights of neighboring property owners. Requiring Paralogia to obey the law causes them no legally cognizable harm.

*Fahr v. State ex. rel. Adams,* 237 P.2d 128, 130 (Okla. 1958) ("It is difficult to see how [defendants] are hurt by this injunction, as all it does is order them to obey the law.")

### C. The Injunction Will Not Be Adverse to the Public Interest.

In considering the public interest, "the court is permitted to inquire whether there are policy considerations that bear on whether an injunction should issue." *Crowe & Dunlevy, P.C. v. Stidham,* 609 F.Supp.2d 1211, 1224 (N.D. Okla. 2009). Allowing Paralogia to continually violate City noise ordinances and disregard the rights of adjoining property owners would be against the public interest. Thus, the public interest will be <u>served</u> by issuance of the preliminary injunction.

### D. EFC is Likely to Succeed on the Merits of the Action.

In this case, all three "harm factors" are decidedly in EFC's favor. Thus, although EFC can meet the normal standard of showing it is likely to succeed on the merits, all EFC actually needs to show is that "questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Koerpel v. Heckler,* 797 F.2d 858, 866-867 (10t Cir. 1986).

While there is apparently no Oklahoma case specifically on point, numerous other jurisdictions have held that excessive noise from bars or clubs is a nuisance which should be enjoined. *See, e.g., Anne Arundel County Fish & Game Conserv. Assoc., Inc. v. Carlucci,* 573 A.2d 847, 852-853 (Md. Ct. App. 1990)(granting injunction and requiring defendant to implement a noise abatement system within six months and limit its hours where defendant's property created noise in excess of existing statutory regulations.); *Scott v. LeCompte,* 260 So.2d 345 (La. Ct. App. 1972)(finding loud noises, fights, offensive language, and increased traffic resulting from night club were annoying

circumstances warranting a grant of injunction prohibiting night club owner from operating night club in such a manner as to constitute annoyance or nuisance that prevented enjoyment by other owners in subdivision of their property.); *Barrett v. Lopez,* 262 P.2d 981, 983 (N.M. 1953) (remanding case to trial court to enjoin defendant from conducting his dance club in such a manner that annoyed, harassed, and offended plaintiffs); *Asmann v, Masters,* 98 P.2d 419, 422 (Kan. 1940) (enjoining dance hall from making excessive noise from jazz orchestra, nickelodeon, and megaphone because "every citizen, in the exercise of his individual rights in the use of his property, is limited to such use as will not interfere with the reasonable rights of others in the enjoyment of their property."); *Meadowbrook Swimming Club, Inc. v. Albert,* 197 A. 146, 148 (Md. Ct. App. 1938) (finding "that noise alone, if it be of such a character as to be productive of actual physical discomfort and annoyance to persons of ordinary sensibilities, may create a nuisance, and be the subject of injunction, though such noise may result from the carrying on of a trade or business in a town or city.").

At the hearing on this motion, EFC will present more than sufficient evidence to show that there is a legitimate, serious question that a public and private nuisance exists. This alone is sufficient to satisfy this fourth factor.

## **CONCLUSION**

Based on the foregoing arguments and authorities, EFC requests that the Court: (1) set a formal evidentiary hearing on this motion; and (2) after such hearing, enter a preliminary injunction enjoining, restraining and prohibiting Paralogia from creating excessive, intense, annoying noise nuisances or violating applicable noise ordinances until a final judgment is entered in this case.

Respectfully submitted,

/s/ James R. Webb
James R. Webb, OBA No. 16548
Kristin M. Simpsen, OBA No. 22302
McAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102-7101
(405)  235-9621 (telephone)
(405)  235-0439 (facsimile)
james.webb@mcafeetaft.com
kristin.simpsen@mcafeetaft.com

**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25th, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael S. Homsey
P.O. Box 718
719 N. Shartel
Oklahoma City, OK 73101-0718

**ATTORNEY FOR DEFENDANT**

*/s/ James R. Webb*